UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNA-HUBBELL-PETANG,

*Plaintiff,*

v.

HOTEL RESERVATION SERVICE,
INC. AND LEXI BENAKIS,
INDIVIDUALLY,

*Defendants.*

CASE NO.: 1:20-CV-10988

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION PURSUANT TO RULE 12(B)(6) TO DISMISS ALL CLAIMS IN
PLAINTIFF'S FIRST AMENDED COMPLAINT AGAINST DEFENDANT
ALEXANDRA BENAKIS AND TO DISMISS PLAINTIFF'S NEW YORK STATE
HUMAN RIGHTS LAW CLAIMS AND INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS CLAIM AGAINST DEFENDANT HOTEL RESERVATION
SERVICE, INC.**

BAKER & HOSTETLER LLP

Amy J. Traub
Amanda L. Van Hoose Garofalo
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: 212 589-4200
Fax: 212 589-4201
Email: atraub@bakerlaw.com
Email: agarofalo@bakerlaw.com
*Attorneys for Defendants Hotel Reservation Service,
Inc. and Alexandra Benakis*

**Table of Contents**

Page No.

PRELIMINARY STATEMENT .................................................................................................1

STATEMENT OF PLAINTIFF'S RELEVANT ALLEGATIONS .........................................2

I.      Plaintiff's Employment and Selection for A Reduction In Force ...........................2

II.     Plaintiff's Complaint Against HRS and Benakis .....................................................2

III.    Plaintiff's Allegations Related to New York .............................................................3

LEGAL STANDARD APPLICABLE TO THIS MOTION ................................................3

ARGUMENT ........................................................................................................................4

I.      Dismissal Is Warranted for Plaintiff's NYSHRL Claims Because She Has Not
        Alleged that She Suffered Any Impact of Discrimination, Harassment, or
        Retaliation in the State of New York, Nor Can She. ...............................................4

II.     Dismissal Is Warranted for Plaintiff's Claim for IIED Because She Does Not Allege
        Severe and Outrageous Conduct. ..............................................................................6

CONCLUSION .....................................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amaya v. Ballyshear LLC*
340 F. Supp. 3d 215 (E.D.N.Y. 2018) ...................................................................6

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)...........................................................................................3

*Conboy v. AT&T Corp.*
241 F. 3d 242 (2d Cir. 2001) ............................................................................9

*E.E.O.C. v. Bloomberg L.P.*
967 F. Supp. 2d 816 (S.D.N.Y. 2013) ..............................................................4

*Ghorpade v. MetLife, Inc.*
No. 14–CV-4379 JPO, 2014 WL 7008954 (S.D.N.Y. Dec. 12, 2014) ...............6

*Hoffman v. Parade Publications*
15 N.Y.3d 285, 933 N.E.2d 744 (2010) ................................................. 4, 5, 6, 7

*Howell v. New York Post Co.*
81 N.Y.2d 115, 596 N.Y.S. 2d 350 N.E. 2d 699 (1993) ....................................9

*In re Lyman Good Dietary Supplements Litig.*
17-cv-8047, 2018 WL 3733949 (S.D.N.Y. Aug. 6, 2018) ...................................9

*Johnson v. Blue Cross/Blue Shield of Texas*
375 F. Supp. 2d 545 (N.D. Tex. 2005)...............................................................8

*Kellman v. Metro. Transp. Auth.*
8 F. Supp. 3d 351 (S.D.N.Y. 2014) ...................................................................7

*Kraiem v. Jonestrading Institutional Services, LLC*
1:19-cv-05160, 2020 WL 5819557 (S.D.N.Y Sept. 30, 2020)............................5

*MacEntee v. IBM (International Business Machines)*
No. 1:08-cv-7491 (S.D.N.Y March 3, 2011) .................................................... 10

*Paulson v. Tidal*
No. 16-cv-9049 , 2018 WL 3432166 (S.D.N.Y. July 16, 2018).........................8

*Stuto v. Fleishman*
164 F.3d 820 (2d Cir. 1999).............................................................................9

*Ulrich v. Moody's Corp.*
No. 13CIV0008VSBMHD, 2014 WL 12776746 (S.D.N.Y. Mar. 31, 2014) ......................................7

*Vangas v. Montefiore Med. Ctr.*
823 F.3d 174 (2d Cir. 2016) ................................................................................................5

*Wahlstrom v. Metro–North Commuter R.R. Co.*
89 F. Supp. 2d 506 (S.D.N.Y. 2000) ................................................................................8

*Ware v. L-3 Vertex Aerospace, LLC*
No. 20-cv-875, 2020 WL 6494823 (2d Cir. Nov. 5, 2020) ................................................5

**Statutes**

29 U.S.C. § 2601 ................................................................................................................7

42 U.S.C. § 2000e .........................................................................................................6, 7, 9

N.Y Exec. L. § 290 ....................................................................................................*passim*

Defendants Hotel Reservation Service, Inc. ("HRS") and Alexandra Benakis ("Benakis"), (collectively, "Defendants") respectfully submit this memorandum of law in support of their Motion Pursuant to Rule 12(b)(6) to Dismiss all Claims against Defendant Alexandra Benakis and to Dismiss the New York State Human Rights Law Claims and Intentional Infliction of Emotional Distress Claims against HRS. Specifically, Defendants request that this Court dismiss all claims asserted by Plaintiff Anna Hubbell–Petang ("Hubbell-Petang") against Benakis [Counts VI, VII, VIII, IX, and X] and the following claims against HRS: (1) the claims asserted under the New York State Human Rights Law ("NYSHRL"), N.Y Exec. L. § 290, *et seq*.; [Counts VI, VII, VIII] and (2) the intentional infliction of emotional distress claim ("IIED")[Count X].

## PRELIMINARY STATEMENT

HRS is a hospitality consultant that leverages technology and artificial intelligence to assist businesses with travel planning and cost management. (Dkt. 22 at ¶¶ 4, 12). Hubbell-Petang was hired as a Sourcing Consultant in HRS's Dallas, Texas office on May 3, 2019. (*Id.* at ¶ 14.) On or about April 13, 2020, Hubbell-Petang's position was eliminated as a result of the financial impacts of COVID-19 on the hospitality and travel industry and specifically, HRS. (*See Id.* at ¶¶ 41-46.) She now brings suit claiming, without support, that Defendants discriminated against her, retaliated against her, and harassed her. (*See generally id.*) In response to her original Complaint, Defendants filed a Motion to Dismiss All Claims Against Defendant Alexandra Benakis And To Dismiss Plaintiff's New York State Human Rights Law Claims And Intentional Infliction Of Emotional Distress Claim Against Defendant Hotel Reservation Service, Inc. Rather than oppose the motion, Hubbell-Petang filed an Amended Complaint on April 12, 2021 (the "Amended Complaint"). While the Amended Complaint properly withdrew the Pregnancy Discrimination Act ("PDA") claim asserted against Benakis, the remaining claims against Benakis still warrant dismissal. Indeed, Defendants still deny the allegations in the Amended Complaint,

and discovery will prove that none of Hubbell-Petang's claims are valid or supported by evidence. Additionally, and in spite of her amendment, some of her claims still fail as a matter of law.

First, Hubbell-Petang's claims under the NYSHRL fail because she has not and cannot allege that she felt the impact of discrimination, retaliation, or harassment within the borders of the State of New York. Second, Hubbell-Petang's claim for IIED fails because she has not and cannot allege tortious conduct that rises to the level required under the laws of either New York or Texas. Therefore, this Court should dismiss the following claims in Plaintiff's Complaint with prejudice: Counts VI, VII, VIII, IX, and X. Since these Counts include all of Hubbell-Petang's claims against Benakis, we respectfully request that Benakis be dismissed as a defendant in this lawsuit.

## STATEMENT OF PLAINTIFF'S RELEVANT ALLEGATIONS

### I.   PLAINTIFF'S EMPLOYMENT AND SELECTION FOR A REDUCTION IN FORCE

HRS hired Hubbell-Petang on or about May 3, 2019, as a Sourcing Consultant in HRS's Dallas office. (Dkt. 22 at ¶¶ 2-3, 13-14.) She is also a resident of Texas. (Dkt. 22. at ¶ 2.) When not working in HRS's Dallas office, Hubbell-Petang worked from home, also in the metropolitan Dallas area. (Dkt. 22. at ¶ 2-3, 37, 40.) With the exception of one work-related trip to Germany, Hubbell-Petang was located in Dallas, Texas for all the events described in her Complaint. (*Id.* at ¶¶ 2, ¶¶ 3, 5, 15, 21-56, 60-75.) On or about April 13, 2020, HRS informed Hubbell-Petang that the company was eliminating her position. (*Id.* at ¶¶ 83-90.)

### II.   PLAINTIFF'S COMPLAINT AGAINST HRS AND BENAKIS

On December 28, 2020, Hubbell-Petang filed suit, alleging that HRS and Benakis discriminated against her and harassed her based upon her gender and pregnancy and retaliated against her because she allegedly complained about illegal conduct. (*See* Dkt. 22.) Hubbell-Petang does not, nor can she, allege that Benakis was her employer; instead, she correctly alleges that

Benakis was simply another HRS employee. (*Id.* at ¶ 5.) Hubbell-Petang alleges that during the course of her employment, she was subject to certain alleged adverse actions or to harassment. (*See id.* at ¶¶ 5, 15, 21-56, 60-75.) She does not, however, allege that she was subjected to any assault or battery or any extreme behavior from HRS or Benakis as required to sustain a claim for IIED.

## III.    PLAINTIFF'S ALLEGATIONS RELATED TO NEW YORK

Despite alleging New York claims, Hubbell-Petang does not allege—nor could she–that she: (1) worked physically in the State of New York; (2) traveled to New York related to her employment; or (3) was physically present in New York at any time during her employment. (*See generally id.*) Instead, her allegations related to New York are only that: (1) HRS had a New York office; (2) her supervisor, Benakis, and other HRS employees were located in New York, and thus, certain decisions were made in New York (she assumes); (3) her paycheck came from New York; (4) her benefits plans were overseen from New York; and (5) she had interaction with several New York employees. (*Id.* at ¶¶ 3, 5, 15-20, 29, 38-39, 47, 49, 58, 68, 75, 91-.) None of these allegations place Hubbell-Petang physically within the borders of New York at any time, as required to sustain a NYSHRL claim. (*Id.*)

## LEGAL STANDARD APPLICABLE TO THIS MOTION

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint's factual content must "raise a right to relief above the speculative level," allowing the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678. The Court need not credit conclusory allegations, "legal conclusions" masquerading as facts in a

claim, or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

## ARGUMENT

I.   **DISMISSAL IS WARRANTED FOR PLAINTIFF'S NYSHRL CLAIMS BECAUSE SHE HAS NOT ALLEGED THAT SHE SUFFERED ANY IMPACT OF DISCRIMINATION, HARASSMENT, OR RETALIATION IN THE STATE OF NEW YORK, NOR CAN SHE.**

Hubbell-Petang ignores a critical requirement in order for her to seek remedies under the NYSHRL. "In order for a nonresident to invoke the protections of the NYSHRL [], she must show that the discriminatory act had an impact **within the boundaries of the State [of New York]**." *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 865 (S.D.N.Y. 2013) (citing *Hoffman*, 15 N.Y.3d 285, 933 N.E.2d 744); *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 289, 933 N.E.2d 744, 746 (2010) (impact rule applied for nonresident NYSHRL claims). Hubbell-Petang has not and cannot do that here.

Hubbell-Petang appears to rest her NYSHRL claims on her allegations that HRS had a New York office, that it stored records in New York, administered her benefits plan from New York, and that she interacted with New York employees, including her direct supervisor, to whom she "cooperated, coordinated, consulted and/or reported" who worked out of the New York office. (Dkt. 22 at ¶¶ 3, 5, 15-20, 29, 38-39, 47, 49, 58, 68, 75, 91.) This is insufficient to confer standing under the NYSHRL. *See Kraiem v. Jonestrading Institutional Services, LLC*, 1:19-cv-05160, 2020 WL 5819557, at *9 (S.D.N.Y Sept. 30, 2020) (applying impact rule, holding employment with New York employer and employment-related interactions with New York residents insufficient to establish NYSHRL claim);[1] *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 182-83 (2d Cir. 2016) (*emphasis in original*) (internal quotations omitted) ("The Second Circuit

---

[1] Courts in New York apply the same "impact rule" to both the NYSHR and the New York City Human Rights Law ("NYCHRL"). *Hoffman*, 15 N.Y.3d at 289, 933 N.E.2d at 746.

has also rejected arguments that impact may be established by interactions with people in New York while the Plaintiff is elsewhere because the impact of the employment action must be felt *by the plaintiff* in NYC."). The locations of an employee's supervisor or an employer's decision maker or an alleged discriminator are also irrelevant. *Hoffman*, 15 N.Y.3d at 289, 933 N.E.2d at 746 (employee failed to state claim under NYSHRL even though employer managed company's human resources from New York).

Instead, it is the **physical location of the plaintiff** that is paramount. *Id.* The Second Circuit consistently applies this rule to dismiss NYSHRL claims pursuant to Fed. R. Civ. P. 12(b)(6). *Ware v. L-3 Vertex Aerospace, LLC*, No. 20-cv-875, 2020 WL 6494823, at *2 (2d Cir. Nov. 5, 2020) (affirming dismissal and explaining that "[w]e exercise our discretion to address the legal issue presented here … : whether a nonresident alleging discriminatory conduct who did not work in New York can assert a cause of action under the NYCHRL or NYHRL. Every case to address this issue forecloses such a conclusion.") (citing *Hoffman*, 15 N.Y.3d at, 289, 933 N.E.2d at 746).

In this case, Hubbell-Petang does not allege that she felt the impact of any alleged discrimination, harassment, or retaliation in the State of New York, nor can she, as evidence will clearly indicate she never traveled to New York. Instead, Hubbell-Petang explicitly alleges that she lived in Dallas and worked in HRS's Dallas, Texas office. (Dkt. 1 at ¶ 2-3; Dkt. 22 at ¶¶ 2-3.) Each reference to the State of New York in the Complaint describes the actions or location of someone other than Hubbell-Petang. (Dkt. 22 at ¶¶ 3, 5, 15-20, 29, 38-39, 47, 49, 58, 68, 75, 91.) Her allegations **never place her within New York's physical borders**. (*Id.*) This deficiency is fatal to her NYSHRL claims. *See Hoffman*, 15 N.Y.3d at, 289, 933 N.E.2d at 746; *see also*; *Amaya v. Ballyshear LLC*, 340 F. Supp. 3d 215, 221 (E.D.N.Y. 2018) (granting motion to dismiss for lack of impact where plaintiff alleged impact based upon (1) the decision to hire and fire her was made

in New York City; (2) she attended several meetings in the Corporate Defendants' New York City office; (3) supervisors in the New York City office interacted with her during the course of her employment; and (4) there was a possibility that she might work at other locations within New York City); *Ghorpade v. MetLife, Inc.*, No. 14–CV–4379 JPO, 2014 WL 7008954, at *3 (S.D.N.Y. Dec. 12, 2014) (motion to dismiss granted for lack of impact where plaintiff argued because his employment relationship was centered in New York and his assignment to India was merely temporary, he was really working in New York); *Ulrich v. Moody's Corp.*, No. 13CIV0008VSBMHD, 2014 WL 12776746, at *16 (S.D.N.Y. Mar. 31, 2014), report and recommendation adopted as modified, No. 13-CV-00008 VSB, 2014 WL 4977562 (S.D.N.Y. Sept. 30, 2014) (claiming that New York managers were responsible for his purported discrimination insufficient to show impact in New York). Moreover, because Hubbell-Petang's underlying NYSHRL claims fail, her claim against Benakis for aiding and abetting (Count IX) also fails because such a claim cannot survive without an underlying violation of the NYSHRL. *Kellman v. Metro. Transp. Auth.*, 8 F. Supp. 3d 351, 393 (S.D.N.Y. 2014) ("However, aiding and abetting is only a viable theory where an underlying violation has taken place.") (internal quotations omitted). Because her allegations make clear that she did not feel the impact of discrimination, harassment, or retaliation in the State of New York, each of her NYSHRL claims fail as a matter of law and should be dismissed with prejudice.

## II.   DISMISSAL IS WARRANTED FOR PLAINTIFF'S CLAIM FOR IIED BECAUSE SHE DOES NOT ALLEGE SEVERE AND OUTRAGEOUS CONDUCT.

Under Texas and New York law,[2] a plaintiff generally may not pursue a claim for IIED based upon the same conduct that allegedly gives rise to a claim for employment discrimination

---

[2] Because Hubbell-Petang was physically located in Texas when the allegations that give rise to her claim occurred, Texas tort law would govern a claim for IIED. For simplicity, in this memorandum, Hubbell-Petang's claim is analyzed under Texas and New York laws because dismissal is warranted under the laws of each state.

under Title VII, 42 U.S.C. § 2000e, or related statutes. Texas law does not permit IIED claims that are "based on the same facts making up her Title VII claim." *Johnson v. Blue Cross/Blue Shield of Texas*, 375 F. Supp. 2d 545, 548 (N.D. Tex. 2005) (quoting *Goins v. Hitchcock Indep. Sch. Dist.*, 191 F. Supp. 2d 860, 871–72 (S.D.Tex.2002); *see also Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir.1996) (same); *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir.1992) (same). Here, Hubbell-Petang's IIED claim is based upon the same factual allegations that give rise to her discrimination claims under Title VII, the PDA, FMLA, and the NYSHRL. (Dkt. 22 at ¶¶ 198-213). Indeed, there is not a single factual allegation that sets apart Hubbell-Petang's emotional distress claim from her discrimination claims, nor can one be added.[3] As a result, this claim cannot stand under Texas law.

In New York, it is "rare" for a court to permit a claim for intentional infliction of emotional distress based on alleged discrimination or harassment. Indeed, in those instances that have permitted IIED claims, the courts have required not merely [ ] harassment, but more significantly, battery." *Wahlstrom v. Metro-North Commuter R.R. Co.*, 89 F. Supp. 2d 506, 529 (S.D.N.Y. 2000) (internal quotation marks and citation omitted); *see Paulson v. Tidal*, No. 16-cv-9049 , 2018 WL 3432166, at *4 (S.D.N.Y. July 16, 2018) (describing physical assault or battery as "hallmarks of successful IIED claims").

In order to state an IIED claim under New York law, a plaintiff must allege: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999) (citing

---

[3] Hubbell-Petang's allegations regarding alleged conditions from which she suffered because of Defendants' alleged actions do not cure this defect. (Dkt. 22 at ¶ 204). Hubbell-Petang's amendments miss the mark. None of these allegations detail different or unique conduct by Defendants, apart from Hubbell-Petang's employment discrimination claims. These allegations merely describe her alleged damages.

*Howell v. New York Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S. 2d 350, 612 N.E. 2d 699 (1993)). "The first element requires that the defendant's conduct be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *In re Lyman Good Dietary Supplements Litig.*, 17-cv-8047, 2018 WL 3733949, at *5 (S.D.N.Y. Aug. 6, 2018) (quoting *Stuto*, 164 F.3d at 827); *see Conboy v. AT&T Corp.*, 241 F. 3d 242, 258 (2d Cir. 2001) (describing requirement for IIED claim as "rigorous, and difficult to satisfy").

Hubbell-Petang's allegations assert nothing more than garden-variety employment discrimination. (Dkt. 22 at ¶¶ 5, 15, 21-56, 60-75.) Notably, she does not (and cannot) allege that she was assaulted or battered. (*Id.*) Her primary allegations are that HRS improperly selected her for a reduction in its workforce and failed to accommodate her pregnancy. (*Id.*) She also vaguely alleges close scrutiny of her work and allegedly unfair criticism. (*Id.* at ¶ 71-73.) Under New York law, her allegations fail to rise to the level of extreme or outrageous conduct required to state a claim for IIED. Allegations regarding lower pay, harsh criticism, ridicule, fear of termination, and similar activity cannot, **as a matter of law**, support a claim for IIED. *MacEntee v. IBM (International Business Machines)*, No. 1:08-cv-7491, Dkt. 33 (S.D.N.Y March 3, 2011) (Daniels J.) (dismissing IIED claim in employment context under Fed. R. Civ. P. 12(b)(6)).

Because Hubbell-Petang's intentional infliction of emotional distress claim fails as a matter of law under both Texas and New York law, her claim should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the reasons set forth above, the instant motion should be granted, and this Court should dismiss Counts VI, VII, VIII, XI, and X with prejudice. This Court should further dismiss Benakis as a defendant in this action.

Dated: April 23, 2021                    BAKER & HOSTETLER LLP

                                         /s/  *Amanda L. Van Hoose Garofalo*
                                         Amanda L. Van Hoose Garofalo
                                         Amy J. Traub
                                         45 Rockefeller Plaza, 14th Floor
                                         New York, New York 10111
                                         Tel: 212 589-4200
                                         Fax: 212 589-4201
                                         Email: atraub@bakerlaw.com
                                         Email: agarofalo@bakerlaw.com

                                         *Attorneys for Defendants Hotel Reservation Services,*
                                         *Inc. and Alexandra Benakis*